<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DERL H. MAURER, | : | |
| | : | Civil Action No. 12-1911 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Respondent. | : | |

**WIGENTON**, District Judge

Before the Court is Petitioner Derl H. Maurer's ("Petitioner" or "Maurer") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"). For the reasons stated below, this Court DENIES Petitioner's Motion and DECLINES to issue a certificate of appealability.

## **FACTUAL AND PROCEDURAL HISTORY**

In July 2009, Maurer, who was 74 years old at that time, came under scrutiny by law enforcement officers after sending an email via an online social networking website to a fictitious eighteen-year-old teenager, whose internet profile was created by undercover agents investigating crimes involving sexual exploitation of children. Maurer sent several emails containing nude images and directing the undercover agent to a website featuring pictures and videos of Maurer performing sexual acts. (Presentence Report ("PSR") ¶ 10.) On or about July 13, 2009, Maurer mailed to an address provided by the undercover agent, two compact disks ("CDs") containing images and video of child pornography, and a handwritten note describing

the contents of the CDs, soliciting the trade of additional images, and expressing the desire to "meet and have some good fun together." (*Id*. ¶ 16.) The investigating officers then obtained a search warrant to search and seize computers and videos from Maurer's residence. The agents seized 40 image files and 19 video files containing child pornography, several of which revealed adult males sexually abusing prepubescent children, which were determined to be sadistic or depicting children bound with rope and tape. (*Id*., PSR at ¶¶ 17, 20, 23.)

On or about September 22, 2009, Maurer was charged by federal criminal complaint with possession of child pornography. (*United States v. Maurer*, Case #: 2:10-cr-00060-SDW at ECF Nos. 1, 2.) On February 2, 2010, Maurer pleaded guilty, pursuant to a written plea agreement, to a one-count information alleging that he possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*Id*., ECF Nos. 11, 12, 13, 14 and 15.) At his plea hearing, Maurer admitted that he "knowingly possess[ed].... more than 600 images of child pornography," some of which depicted "individuals who were clearly minors that had not attained the age of 12 ... engaging in sexually explicit conduct with other minors and adults," and that "possession of these images involve[d] the use of a computer." (*Id*., ECF No. 21, Plea Transcript at 10:2-11:19.)

On June 28, 2010, this Court held a sentencing hearing. (*Id*., ECF No. 22.) According to the PSR prepared by the United States Probation Office, Maurer's total offense level under the Sentencing Guidelines was 28, and his criminal history category was I, yielding an advisory Guidelines range of 78 to 97 months of imprisonment. The Probation Office recommended application of a four level enhancement set forth in U.S.S.G. § 2G2.2(b)(4), based on a finding that Maurer's offense involved material that portrayed "sadistic or other violent conduct." (PSR ¶ 23.) The Probation Office relied on dictionary definitions of these terms to determine the applicability of this four level enhancement. (*Id*. ¶ 23 n.2.) Although Maurer stipulated to

conduct providing the basis for sentencing enhancements relating to his use of a computer and possession of images depicting prepubescent minors, he did not stipulate to possession of images depicting sadistic or violent conduct.  Prior to sentencing, Maurer objected to the application of § 2G2.2(b)(4) recommended in the PSR, contending that "the material described in paragraph 23 is [in]sufficient for the enhancement to apply nor does it seem to meet the definitions provided in footnote 2 of the report."  (*Id*.)

During his sentencing hearing, Maurer presented arguments against the application of § 2G2.2(b)(4) and requested a downward variance based on the factors set forth in 18 U.S.C. § 3553(a).  This Court denied Maurer's objection to the four level enhancement authorized by § 2G2.2(b)(4), stating that "[w]ithout question I think that's an enhancement that is applicable and has been appropriately applied."  (*United States v. Maurer*, Case #: 2:10-cr-00060-SDW, ECF No. 22, Sentencing Tr. at 12:8-9.)   This Court further explained, "I do think that [the enhancement] is appropriately applied ... because to indicate that children being essentially molested, raped and tortured is not sadistic or somehow masochistic, I think it strains credibility to make that argument.... [a]nd this case is certainly no different, given the videos that were involved, the photos that were involved."  (*Id*., 12:1-8.)  This Court then calculated Maurer's total offense level as 28 and his criminal history category as I, yielding a Guidelines sentence range of 78 to 97 months, consistent with the PSR.  However, upon considering Maurer's arguments pertaining to the sentencing objectives set forth in 18 U.S.C. § 3553(a), this Court granted a downward variance and sentenced Maurer to 60 months in prison with a five-year term of supervised release, which included special conditions restricting internet access and association with minors. (Id., 12:12-17:25.)

Maurer filed a timely appeal before the United States Court of Appeals for the Third Circuit, challenging the procedural reasonableness of his sentence and the special conditions of his supervised release. *See United States v. Maurer*, 639 F.3d 72 (3d Cir. 2011). On April 22, 2011, the Third Circuit affirmed Maurer's sentence as imposed by this Court. *Id*.

On March 23, 2012, Maurer filed this § 2255 motion, challenging his sentence on the ground that this Court "failed to completely take into account all the mitigating factors permitted under the sentencing guidelines and § 3553(a)." (ECF No. 1, Motion at ¶ 12, Ground One.) Specifically, Maurer claims that this Court did not properly address § 3553(a) mitigating factors such as age of defendant, history, and U.S. military service. (*Id*.) Maurer asks that the remainder of his sentence be converted to home confinement. (*Id*. at 14.) It appears from attachments to his § 2255 motion that Maurer is seeking home confinement due to his wife's request for assistance. In August 2011, Maurer had filed a request to the Warden at FCI Fort Dix, where he was confined at that time, seeking compassionate release due to his wife's medical and financial needs. On December 15, 2011, the Warden denied the request for compassionate release. (*Id*. at 16-17.)

On August 8, 2012, the Government filed a response to Maurer's § 2255 motion. (ECF No. 6.) The Government argues that the § 2255 motion should be denied because (1) Maurer's claim is not cognizable under § 2255; (2) his claim is procedurally barred because he did not raise it on direct appeal; (3) this Court accounted for the mitigating factors under § 3553(a) in sentencing Maurer; and (4) Maurer's sentence was reviewed and affirmed by the Third Circuit.

On July 10, 2013, this Court granted Maurer's request for an extension of time to file a reply to the Government's answer. (ECF No. 11.) To date, Maurer has filed no reply.

4

**LEGAL STANDARD**

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in U.S. v. Travillion*, --- F.3d ----, 2014 WL 3029837, *2 (3d Cir. July 7, 2014).

In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to pro se habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, --- F.Supp.2d ----, 2013 WL 4538293, at * 9 (D.N. J. Aug. 26, 2013) (Simandle, J.) (citing *Booth*, 432 F.3d at 545–46).

**DISCUSSION**

A. <u>Maurer's Claim for Relief Not Cognizable Under § 2255</u>

Relief under § 2255 is available only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and ... 'present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *Travillion*, 2014 WL 3029837 at *2 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Here, Maurer's 60-month prison sentence was well within the statutory limit and Maurer has presented no specific, articulable defect that resulted in a manifest miscarriage of justice.  He also fails to demonstrate any exceptional circumstances to warrant § 2255 relief.  Instead, Maurer simply argues that this Court did not consider certain mitigating factors under 18 U.S.C. § 3553(a) when sentencing Maurer.

Moreover, as discussed below, Maurer's argument is wholly lacking in merit.  Indeed, the Third Circuit already determined that this Court properly accounted for mitigating factors under § 3553(a) when sentencing Maurer.  *Maurer*, 638 F.3d at 82.  Consequently, this § 2255 motion should be denied because Maurer's claim for relief is not cognizable under § 2255.

B. <u>Maurer's Claim is Procedurally Barred</u>

Next, the Government contends that Maurer's claim for § 2255 relief is procedurally barred because he should have raised it on direct appeal before the Third Circuit, but failed to do so.

If a claim was not raised on direct appeal, it "may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  "The procedural-default rule is neither a statutory nor a constitutional

6

requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id*. Under the cause and prejudice standard, "a convicted defendant must show both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Pelullo*, 399 F.3d 197, 220–21 (3d Cir. 2005) (quoting *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). To establish "cause" for procedural default, a defendant must show that "some objective factor external to the defense impeded counsel's efforts' to raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Examples of external impediments which have been found to constitute cause in the procedural default context include interference by officials, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel." *Pelullo*, 399 F.3d at 223 (citations and internal quotation marks omitted).

Here, Maurer did not raise this sentencing argument on direct appeal despite the fact that he challenged other aspects of his sentencing on direct appeal. Maurer has not identified anything external that caused his failure to raise this argument on direct appeal, nor has he identified any new facts explaining his failure. Moreover, this is not a case that constitutes a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (citation and quotation omitted). Maurer also cannot show actual prejudice as to these claims because they are substantively meritless. Therefore, Maurer's claim regarding this Court's alleged failure to consider mitigating factors in fashioning his sentence is procedurally barred.

C. Maurer's Claim Lacks Merit

Finally, Maurer's § 2255 motion must be denied because it is wholly lacking in merit. This Court did properly consider mitigating factors under § 3553(a). This Court took into account Maurer's history and characteristics, his age and the fact that this was his first offense, and his wife's physical difficulties and the support and assistance Maurer provided to her, in imposing a sentence that varied from the sentencing guidelines. (*United States v. Maurer*, Case #: 2:10-cr-00060-SDW, ECF No. 22, Sentencing Tr. at 12:17-16:7.) Moreover, the Third Circuit expressly found that this Court "meaningfully considered Petitioner Maurer's sentencing arguments, weighed the sentencing factors set forth in 18 U.S.C. § 3553(a), and sentenced Maurer to a term of imprisonment that was reasonable in light of his offense." *Maurer*, 638 F.3d at 82.

## CERTIFICATE OF APPEALABILITY

For the reasons discussed above, this Court denies a certificate of appealability because Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## CONCLUSION

For the reasons set forth above, this Court DENIES Petitioner's Motion and DECLINES to issue a certificate of appealability. An appropriate Order follows.


    __*s/ Susan D. Wigenton*__
    SUSAN D. WIGENTON
    United State District Judge